IN THE U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIRST-CITIZENS BANK & TRUST COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> MAXIM CRUDE OIL, L.L.C. <br><br> Defendant. | Case No. 1:25-cv-01858-GHW <br><br> Honorable Gregory H. Woods |

## AFFIDAVIT OF ALEXANDER VALDES IN SUPPORT OF ENTRY OF DEFAULT

I, Alexander Valdes, being duly sworn, depose and say:

1. I am a member of the Bar of the State of Illinois and the General Bar of the Northern District of Illinois. I am associated with the firm Ice Miller LLP, attorneys for plaintiff in the above-entitled action. My application to appear *pro hac vice* in this action is forthcoming.

2. I am familiar with all the facts and circumstances in this action.

3. I make this affidavit pursuant to Rule 55.1 of the Civil Rules for the Southern District of New York, in support of Plaintiff First-Citizens Bank & Trust Company's ("FCB" or "Plaintiff") application for the entry of a default judgment against Defendant Maxim Crude Oil, L.L.C. ("Maxim" or "Defendant").

4. FCB brings this action to recover its railcars and collect compensatory damages from Maxim in excess of $2,000,000, plus pre- and post-judgment interest, attorneys' fees and costs, owed by Maxim to FCB for breach of the FCB Leases, as described in the complaint (Dkt. # 1).

5. Jurisdiction of the subject matter of this action is based on 28 U.S.C. § 1332(a)(1).

6. This action was commenced on March 5, 2025, by the filing of the summons and complaint. Plaintiff has made numerous attempts to serve Defendant, as summarized here:

- A process server made three separate attempts on March 18, March 20, and March 24, 2025, to serve Maxim's registered agent at the address listed in public records on the Texas Comptroller's website, as detailed in the Affidavit of Nonservice attached herewith as **Exhibit 1**.

- On March 31, 2025, counsel for FCB attempted to serve the summons and complaint via email at the last known email address of Maxim's manager, Maxwell Sterling Jensen ("Max Jensen"). On April 3, 2025, counsel for FCB sent a letter referencing the summons and complaint to the same email address.

- Multiple attempts to serve Max Jensen and James L. Jensen ("James Jensen"), who is a member of Maxim, via USPS and FedEx mail at the following known addresses:

    i. Max Jensen
       Maxim Crude Oil, LLC
       12200 W Interstate 20
       Odessa, TX 79763 (**"Odessa"**)

    ii. James L. Jensen
        Maxim Crude Oil, LLC
        1058 FM 3024
        George West, TX 78022 (**"George West"**)

    iii. James L. Jensen
         Maxim Crude Oil, LLC
         PO Box 2052
         Jackson, WY 83001 (**"Jackson"**)

    Summary of attempts by mail:

    i. **USPS (sent on March 31, 2025)**

a. Odessa: still in transit.

b. George West: delivered on April 3, 2025, but no authorized recipient was available.

c. Jackson: Refused and returned to sender on April 11, 2025. It seems that the Post Office needs someone to claim the mail.

   ii. **FedEx (sent on April 8, 2025)**

   a. Odessa: successfully delivered on April 9, 2025, and signed for by someone named "D. Montera." Proof of delivery is attached herewith as **Exhibit 2**.

   b. George West: unable to deliver shipment.

   c. Jackson: unable to deliver and returned to sender. It seems that FedEx does not deliver to P.O. box addresses.

- Separate from attempts to serve the summons and complaint, counsel for FCB also sent a letter referencing the summons and compliant via FedEx on April 3, 2025:

   a. Odessa: successfully delivered on April 4, 2025. Proof of delivery is attached herewith as **Exhibit 3**.

   b. George West: successfully delivered on April 4, 2025, but not signed for; left attached to the fence on the property. Proof of delivery is attached herewith as **Exhibit 4**.

   c. Jackson: unable to deliver and returned to sender. It seems that FedEx does not deliver to P.O. box addresses.

3

- Additionally, I attempted to contact four individuals associated with Maxim via telephone at the numbers below (full numbers removed to avoid any potential privacy concern). I attempted to call these individuals two times each on April 3, 2025. None of the individuals answered either call.
    i. James Jensen – 307-203-XXXX
    ii. Max Jensen – 307-203-XXXX
    iii. Kristi Johnson – 505-801-XXXX
    iv. Gloria Moreno – 956-742-XXXX

7. Based on the foregoing attempts at service, Defendant was required to answer or otherwise respond to the complaint by April 30, 2025.

8. The Defendant has not answered the complaint and the time for the Defendant to answer or otherwise respond to the complaint has expired.

9. Defendant is not a minor, mentally incompetent, or in the military service of the United States.

10. Plaintiff has recently become aware that on April 17, 2025, Max Jensen and James Jensen were indicted by the United States Attorney for the Southern District of Texas, case number 1:25-cr-00257.

11. Pursuant to the Court's directive that Plaintiff serve Defendant with a copy of the Court's May 5, 2025, Order (Dkt. # 8), Plaintiff attempted service at (i) the last known email address of Maxim's manager; (ii) Maxim's "Odessa" address; and (iii) Maxim's "George West" address. A copy of the order was delivered to the Odessa address, but delivery could not be made to the George West address. Proof of delivery to the Odessa address is attached herewith as **Exhibit 5**.

WHEREFORE, Plaintiff requests the Certificate of Default by the Clerk pursuant to Federal Rule of Civil Procedure 55(a). A proposed Clerk's Certificate of Default form is attached herewith as **Exhibit 6**.

Dated: Chicago, Illinois
May 14, 2025

*Alexander Valdes*
Alexander Valdes

Sworn to before me this 14th day of May, 2025

*Paula Ann Newton*
Notary Public

OFFICIAL SEAL
PAULA ANN NEWTON
NOTARY PUBLIC, STATE OF ILLINOIS
COOK COUNTY
MY COMMISSION EXPIRES 01/24/2027

5