**IN THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| FIRST-CITIZENS BANK & TRUST COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MAXIM CRUDE OIL, L.L.C.<br><br>Defendant. | ) | Case No. 1:25-cv-01858-GHW<br><br>Honorable Gregory H. Woods |

**SECOND AFFIDAVIT OF ALEXANDER VALDES**
**<u>IN SUPPORT OF DEFAULT JUDGMENT</u>**

I, Alexander Valdes, being duly sworn, depose and say:

1. I am a member of the Bar of the State of Illinois and the General Bar of the Northern District of Illinois. I am associated with the firm Ice Miller LLP, attorneys for Plaintiff First-Citizens Bank & Trust Company ("Plaintiff" or "FCB") in the above-entitled action. I am appearing in this action *pro hac vice*.

2. I am familiar with all the facts and circumstances in this action.

3. I make this affidavit pursuant to Rule 55.2 of the Civil Rules for the Southern District of New York and Judge Gregory H. Woods's Individual Rules governing default judgment procedure.

4. This action was commenced on March 5, 2025, by Plaintiff filing the complaint (Dkt. No. 1) and summons (Dkt. No. 6).

5. On April 3, 2025, Plaintiff sent a letter to Defendant Maxim Crude Oil, L.L.C. ("Defendant" or "Maxim"), in which Plaintiff reminded Defendant that (i) FCB had terminated the railcar leases between the parties and (ii) FCB had previously demanded that Maxim pay

FCB all amounts owed and return FCB's railcars. Plaintiff's April 3, 2025, letter is attached as **Exhibit A**. Plaintiff also informed Defendant in the letter that (i) FCB had initiated the above-captioned lawsuit; (ii) Maxim had failed to return one hundred-eighty (180) railcars to FCB; and (iii) FCB learned that Maxim unloaded and abandoned approximately thirty (30) of those railcars at a terminal in Texas around September or October 2024. Ex. A. In the letter, FCB demanded that Maxim immediately attempt to retrieve the abandoned railcars and return them to FCB at Maxim's cost. *Id*. FCB also stated that if Maxim did not provide written confirmation that it would undertake such efforts, then FCB intended to retrieve the railcars from the terminal and hold Maxim responsible for all associated costs, without FCB assuming any responsibility or liability from Maxim. *Id*. Additionally, FCB informed Maxim in the letter that FCB intended to retrieve any other railcars that may have been unloaded or abandoned anywhere else and hold Maxim responsible for all costs and liabilities, unless Maxim informed FCB that Maxim would return such railcars in accordance with the leases.

6. Plaintiff made numerous attempts to serve Defendant as outlined in detail in the Second Affidavit of Alexander Valdes in Support of Clerk's Entry of Default ("2d Valdes Aff. ISO Entry of Default") (Dkt. No. 33), attached herewith for convenience as **Exhibit B** (exhibits to 2d Valdes Aff. ISO Entry of Default are numbered numerically).

7. On July 7, 2025, Plaintiff submitted an application for an order to show cause why default judgment should not be entered in this action. (Dkt. No. 21.) On July 8, 2025, the Court issued an Order for Defendant to show cause. (Dkt. No. 22.) The Court's July 8, 2025, Order also directed Plaintiff to submit supplemental briefing on its attempts to serve Defendant and on Plaintiff's request for partial judgment. (*Id.*) Plaintiff then indicated to the Court that Plaintiff would attempt to serve Defendant through the Texas Secretary of State ("TX SOS").

(Dkt. No. 23.) On July 23, 2025, the Court vacated its previous order to show cause and allowed Plaintiff to proceed with serving Defendant through the TX SOS. (Dkt. No. 24.)

8. I worked with staff and co-counsel at my firm to effectuate service of process on Defendant's five known physical addresses through the TX SOS. On September 12, 2025, the TX SOS received a package containing every document filed in this case to date, including the summons and complaint, with instructions for the TX SOS to serve Defendant at the following addresses:

i. Max Jensen
Maxim Crude Oil, LLC
12200 W Interstate 20
Odessa, TX 79763 (**"Odessa"**)

ii. James L. Jensen
Maxim Crude Oil, LLC
1058 FM 3024
George West, TX 78022 (**"George West"**)

iii. James L. Jensen
Maxim Crude Oil, LLC
PO Box 2052
Jackson, WY 83001 (**"Jackson"**)

iv. James L. Jensen, Max Jensen, & Zach Jensen
11177 S Eagle View Dr., Ste. 1
Sandy, UT 84092-4918 ("**Sandy**")

v. Zachary G. Jensen
1701 Ennis Joslin Road
Corpus Christi, TX 78412 ("**Corpus Christi**")

9. Service was effectuated on Defendant's Odessa, George West, Corpus Christi, and Jackson addresses on September 15, 2025, according to Texas law. Ex. A, 2d Valdes Aff. ISO Entry of Default, ¶ 10. Service was effectuated on Defendant's Sandy address on December 10, 2025. *Id.* File-stamped certificates of service on Defendant's addresses are attached to the 2d Valdes Aff. ISO Entry of Default as Group Exhibit 4, which match Dkt. No. 26, 27, 30, 31.

10. Based on service effectuated through the TX SOS, which occurred at least by December 10, 2025, Defendant was required to answer or otherwise respond to the complaint by December 31, 2025.

11. The Defendant has not answered the complaint and the time for the Defendant to answer or otherwise respond to the complaint has expired.

12. Plaintiff obtained a Clerk's Certificate of Default on January 28, 2026 (Dkt. No. 34.)

13. Defendant is not a minor, mentally incompetent, or in the military service of the United States.

Dated: Chicago, Illinois

January 29, 2026

Alexander Valdes

Alexander Valdes

Sworn to before me this 29th
day of January, 2026

Amy Elizabeth Scoles
Notary Public

OFFICIAL SEAL
AMY ELIZABETH SCOLES
Notary Public, State of Illinois
Commission No. 1009206
My Commission Expires
April 25, 2029